**UNITED STATES of America,**
**Appellee,**

v.

**Tony HARPER, Defendant–Appellant.**

No. 01–1560.

United States Court of Appeals,
Second Circuit.

March 7, 2003.

Tony Harper, Ray Brook, New York, for Appellant, pro se.

James B. Comey, United States Attorney for the Southern District of New York (Robert R. Strang, Celeste L. Koeleveld, Assistant United States Attorneys,) New York, New York, for Appellee, of counsel.

PRESENT: STRAUB, KATZMANN, and RAGGI, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 7th day of March, Two thousand and three.

AFTER SUBMISSION AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is AFFIRMED.

Defendant–Appellant Tony Harper, *pro se*, appeals from the September 24, 2001 order of the District Court denying his motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c).

In 1998, Harper pled guilty to conspiracy to commit bank robbery (count 1) in violation of 18 U.S.C. § 371, four bank robberies (counts 2, 4, 6 and 8) in violation of 18 U.S.C. § 2113(a) and (d), and using a firearm during a crime of violence (count 3) in violation of 18 U.S.C. § 924(c). Harper was sentenced to 168 months of imprisonment. He did not appeal his conviction or sentence.

In April 2001, Harper filed a § 3582(c) motion to reduce his sentence, seeking retroactive application of Amendment 599 to the United States Sentencing Guidelines and arguing that the District Court engaged in impermissible double-counting by punishing him twice for the same conduct because his sentence for armed bank robbery was enhanced for brandishing a firearm, even though he was also sentenced for use of a firearm in relation to a crime of violence. The District Court denied the motion as without merit, and Harper filed this timely appeal, reasserting his position below.

Upon review, we conclude that the District Court did not abuse its discretion when it denied Harper's § 3582(c) motion. Harper's sentence was enhanced by five levels, under U.S.S.G. § 2B3.1(b)(2), for brandishing a firearm only with respect to the bank robberies charged in counts 4, 6 and 8. Harper did not receive such an enhancement for brandishing a firearm

with respect to the bank robbery charged in count 2. Rather, the bank robbery charged in count 2 served as the basis for Harper's conviction for using a firearm during a crime of violence (count 3). As such, there was no double-counting and Harper's sentence was in compliance with Amendment 599, which provides that "if a defendant was convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction." Accordingly, the order of the District Court is hereby AFFIRMED.